STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

*Attorney(s) for Plaintiff Display Technologies, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>PAEDAE, INC. d/b/a GIMBAL<br><br>*Defendant.* | CASE NO.: 2:20-cv-11287-AB-AGR<br><br>**SCHEDULING CONFERENCE**<br>Date: June 25, 2021<br>Time: 10:00 a.m.<br>**COURTROOM: 7B** |

## JOINT 26(f) REPORT

Plaintiff Display Technologies, LLC ("Plaintiff" and/or "Display") and Defendant PaeDae, Inc. d/b/a Gimbal ("Defendant" and/or "Gimbal") file this Joint 26(f) Report ("Joint Report") in compliance with the Court's order entered on April 1, 2021, (Doc. 14) ("Order"), Federal Rules of Civil Procedure 16(b) and 26(f), and Local Rule 26-1 of the Central District of California.

**a. Statement of the Case**: A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

Plaintiff's Statement:

Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '723 Patent by making, using, and/or selling media systems covered by one or more claims of the '723 Patent. For example, Defendant makes, uses, and/or sells the Gimbal Proximity marketing system, and any similar products ("Product"). Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271.

Defendant's Statement:

Defendant asserts defenses and counterclaims that the '723 Patent is not infringed and that the '723 Patent is invalid. Defendant may further seek an award of costs, expenses, and attorneys' fees.

**b. Subject Matter Jurisdiction**: A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law under which the claim arises.

This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.* Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

**c. Legal Issues**: A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.

The parties presently believe that patent infringement and validity are the key legal issues. The parties do not presently note any unusual substantive, procedural or evidentiary issues.

**d. Parties, Evidence, etc.**: A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

Plaintiff Display Technologies, Inc.'s parent company is Patent Asset Management, Inc.

Key documents include:

Patent No. 9,300,723, titled "Enabling Social Interactive Wireless Communications" and its file history.

Design documents, user manuals and other technical documents concerning the accused product.

Financial documents concerning the accused product.

Prior art relating to the '723 Patent.

Press releases, web pages, articles, and other publicly-available information about the relevant industry, the accused product, and prior art.

**e. Damages**: The realistic range of provable damages.

Plaintiff seeks damages and injunctive relief for Defendant's infringement of the '723 Patent. Plaintiff has not presently conducted a detailed analysis regarding the amount of damages and expects that its damage analysis will be formed as discovery progresses.

Defendant believes that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and expects to seek its attorneys' fees and costs at the appropriate time.

**f. Insurance**: Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

The parties are not aware of any at this time.

**g. Motions**: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

The Parties do not presently anticipate adding additional parties at this time and do not anticipate filing amended pleading or motions to transfer venue.

  **h. Dispositive Motions**: A description of the issues or claims that any party believes may be determined by motion for summary judgment.

  Plaintiff does not presently anticipate any.

  Defendant anticipates that non-infringement may be determined by motion for summary judgment because Plaintiff's infringement theory as articulated in its Complaint inconsistently identifies how the accused product meets the asserted claim limitations.

  **i. Manual for Complex Litigation**: Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

  Not presently anticipated.

  **j. Status of Discovery**: A discussion of the present state of discovery, including a summary of completed discovery.

  Plaintiff has previously served its Initial Disclosures. Defendant will serve its Initial Disclosures within 14 days after the parties' Rule 26(f) conference as required by Rule 26(a)(1). The parties intend to complete the remainder discovery according to the final scheduling order that will be issued by the Court.

  **k. Discovery Plan**: A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State what, if any, changes in the disclosures under Fed. R. Civ. P. 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

  The Parties do not anticipate any need for any change to Fed. R. Civ. P. 26(a) or the other Federal Rules pertaining to discovery, do not request that any part of discovery be conducted in phases or otherwise limited, and do not anticipate any need for limitations changed or other limitation imposed. The Parties do not anticipate any orders to be entered by the Court. In accordance with the Court's Order (Doc. 14), the

Parties attach hereto as Exhibit A is a proposed schedule of pretrial and trial worksheet.

**l. Discovery Cutoff**: A proposed discovery cutoff date. This means the final day for **completion of discovery**, including resolution of all discovery motions.

The proposed discovery cut-off is set forth in the attached scheduling worksheet.

**m. Expert Discovery**: Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cutoff under Rule 26(a)(2).

The proposed expert discovery cut-off is set forth in the attached scheduling worksheet.

**n. Settlement Conference/Alternative Dispute Resolution ("ADR")**: A statement of what settlement discussions have occurred (excluding any statement of terms discussed). If a Notice to Parties of Court-Directed ADR Program (Form ADR08) was filed in this case, the Court will refer it to the magistrate judge, the Court Mediation Panel, or to private mediation (at the parties' expense). The parties must indicate their preference in their Joint Rule 26(f) Report. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

The parties have discussed settlement of this case. Settlement discussions are still ongoing.

**o. Trial Estimate**: A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel shall be prepared to discuss in detail the basis for the estimate.

The parties anticipate trial to last no more than five (5) days. Plaintiff and Defendant anticipate having from 5-10 witnesses each testifying at trial.

    **p. Trial Counsel**: The name(s) of the attorney(s) who will try the case.

Plaintiff:

    Stephen M. Lobbin and Jay B. Johnson

Defendant:

    Neil J. McNabnay, Ricardo J. Bonilla, Aaron P. Pirouznia, Rodeen Talebi, and other trial counsel as to be determined.

    **q. Independent Expert of Master**: Whether this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult computation of damages, etc.).

    The Parties do not anticipate the need for an independent expert or master.

    **r. Schedule Worksheet**: Complete the Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") attached to this Order and include it with your Joint Rule 26(f) Report. The parties **MUST** submit a completed Worksheet with their Joint Rule 26(f) Report. The Court **ORDERS** the parties to make every effort to agree on dates. The entries in the "Weeks Before FPTC" column reflect what the Court believes is appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the Final Pretrial Conference. However, counsel may ask for earlier last dates by which the key requirements must be completed. Each date should be stated as month, day, and year, e.g., 10/15/2019. Hearings shall be on Fridays at 10:00 a.m. Other deadlines (those not involving the Court) can be any day of the week. Counsel must avoid holidays. The Court may order different dates than those requested. The discovery cutoff date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard. The cutoff date for motions is the last date on which motions may be **heard**, not filed. If the parties wish the Court to

set dates in addition to those on the Worksheet, they may so request by a separate Stipulation and Proposed Order. This is often appropriate for class actions, patent cases, and ERISA cases.

The parties have attached the Worksheet hereto as Exhibit A.

**s. Other issues**: A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA related issues, discovery in foreign jurisdiction, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Parties do presently anticipate any such additional issues.

Dated: June 10, 2021                    Respectfully submitted,

                                            */s/ Stephen M. Lobbin*
                                            Stephen M. Lobbin
                                            sml@smlavvocati.com
                                            SML AVVOCATI P.C.
                                            888 Prospect Street, Suite 200
                                            San Diego, California 92037
                                            (949) 636-1391 (Phone)

                                            ***Attorney(s) for Plaintiff Display Technologies, LLC***

                                            **FISH & RICHARDSON P.C.**

                                            By: */s/Rodeen Talebi*
                                            Rodeen Talebi (SBN 320392)
                                            **COUNSEL FOR DEFENDANT PAEDAE, INC. d/b/a GIMBAL**

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2021, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

                                            */s/Stephen M. Lobbin*
                                            **Stephen M. Lobbin**

8
JOINT 26(F) REPORT